
IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR410-257
)
DARRIUS QUADREE WILLIAMS, )
)
Defendant. )
)

O R D E R

Before the Court is Defendant's Motion to Withdraw Guilty Plea. (Doc. 58.) For the following reasons, Defendant's motion is **GRANTED**.

BACKGROUND

This prosecution began on October 14, 2010 when Defendant was indicted for one count of possession of an unregistered shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. (Doc. 1 at 1.) Arraignment was originally scheduled for October 22, 2010, and an attorney[1] was appointed to represent Defendant pursuant to the Criminal Justice Act on this date. (Docs. 4, 6.) Arraignment was rescheduled for October 28, but the Magistrate Judge held only an initial appearance hearing and again rescheduled arraignment for November 2, 2010. (Docs. 9, 10.) Defendant was finally arraigned on this date and released on an appearance bond. (Docs. 17-19.)

---

[1] The Court will refer to this counsel as "First Attorney."

The Government later moved for revocation of Defendant's pretrial release (Doc. 20), and a hearing was scheduled on that matter for January 19, 2011 (Doc. 31). Defendant's First Attorney failed to appear or otherwise advise the Magistrate Judge of any conflict prior to the time this case was called for the revocation hearing, which was thirty minutes after the scheduled time. (Doc. 31; Recording of Mar. 3, 2011 Revocation Hearing at 9:30:05.) At that hearing, the Government represented that this was the third occasion on which Defendant's First Attorney failed to appear for a scheduled proceeding and asked that replacement counsel be appointed. (Recording of Mar. 3, 2011 Revocation Hearing at 9:30:15.) The Magistrate Judge agreed that another attorney should be substituted to represent Defendant and directed the scheduling of a show cause hearing to determine whether Defendant's First Attorney should remain a member of this Court's bar. (Id. at 9:30:35.)

Defendant's present counsel, Amy Lee Copeland, was appointed on January 20, 2011 (Doc. 37) and filed her Notice of Attorney Appearance on January 24, 2011 (Doc. 36). Shortly afterwards on February 2, 2011, Defendant's present counsel filed the first substantive motion on his behalf in this case. (Docs. 41.) Just days later on February 5, 2011, Defendant executed the agreement underlying his guilty plea that is the subject of the motion presently before the Court. The Court

held a Fed. R. Crim. P. 11 hearing ("Rule 11") on February 9, 2011, and Defendant entered his plea of guilty. (Docs. 46-48.) At the time of this hearing, the Court expressed reservations about the plea and indicated that the Court was

> accepting this plea conditional to receiving the presentence investigation report and seeing what the presentence investigation report says about this case. And after I receive the presentence investigation report then I will make a decision regarding the full acceptance of the plea.
> . . .
> And I'll tell everybody now that one of the things that I'm concerned about in this case is, I've got a 20-year-old man in front of me who has no prior criminal record, and the charge is what the charge is, and I don't know very much about this firearm. I don't know whether Mr. Williams in fact found the firearm, I don't know what the people were doing out there at the time that the shot was fired and what was going on out there. I mean, there's very little that I know about the circumstances surrounding this case at this time, and I need to know and I want to know a lot more about it before we have a sentencing in this case. So I'll just tell everybody that right now today.

(Doc. 57 at 23.)

The Court scheduled sentencing in this matter for June 8, 2011. Prior to that date, however, Defendant's present counsel filed the Motion to Withdraw Guilty Plea current before the Court. (Doc. 58.) Therefore, the Court cancelled the sentencing hearing. (Doc. 58.) In the motion, Defendant identifies several grounds for the withdraw of his plea. First, Defendant cites to the minimal amount of factual background presented to the Court during the Rule 11 hearing. (Doc. 58 at

3

4.) Second, Defendant argues that the proffer during the Rule 11 hearing was insufficient to satisfy the offense elements. (Id. at 4-5.) Finally, as a procedural matter, Defendant argues that he should be permitted to withdraw his plea under the "any reason or no reason" or, alternatively, the "for fair and just cause" standard of Fed. R. Crim. P. 11(d). (Id. at 5-6.) This Court held a hearing on this motion on June 13, 2011 ("June Hearing") and took this motion under advisement. (Docs. 59-62.)

**ANALYSIS**

I. <u>STANDARD FOR WITHDRAWING A GUILTY PLEA</u>

Once a Defendant has entered a plea of guilty, a specific procedural framework applies to determine when, if at all, a defendant may withdraw his plea. The relevant rule states, in its entirety:

> A defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if:
>
> (A) the court rejects a plea agreement under Rule 11(c)(5); or
>
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d). However, the Court need not decide which standard is applicable given the posture of this case. Defendant is capable of satisfying the higher standard—"fair and

just reason." Therefore, the Court need not decide what standard is applicable to this specific factual scenario.

After a plea has been accepted by a court, the burden is on the defendant to demonstrate a "fair and just reason for requesting the withdrawal" of his plea. Id. at 11(d)(2)(A); United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988). Although the totality of the circumstances is considered, four specific factors are also evaluated:

> (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

Buckles, 843 F.2d 469, 471-72. Other relevant matters include the "good faith, credibility and weight of a defendant's assertions" when making and supporting a motion to withdraw a plea. Id. at 472.

## II. ANALYSIS OF DEFENDANT'S MOTION

With these standards in mind, the Court will now analyze the factual circumstances and procedural history of this case.

### A. Availability of Close Assistance of Counsel

The Court finds that Defendant was not afforded "close assistance of counsel" prior to entering his guilty plea and that the strength of this factor necessitates allowing Defendant to withdraw his plea. See Buckles, 843 F.2d at 472. As this Court explicitly found at the June Hearing, "Defendant had

5

little or no . . . CJA representation until" his present attorney entered this case. (Recording of June 13, 2011 Motion Hearing at 3:41:30.) Defendant's matter obviously did not receive the appropriate level of attention by his First Attorney, as evidenced by numerous missed court appearances and a complete absence of filed motions.[2]

Defendant and his family became frustrated that no one was tending to his serious, pending criminal charges. Although Defendant's present counsel was appointed to relieve his First Attorney of his unfulfilled obligations to Defendant, this subsequent representation could only continue under difficult circumstances. Entering an appearance on January 24, 2011 (Doc. 36), Defendant's present counsel was engaged in this matter for less than two weeks before Defendant signed a plea agreement on February 5, 2011. At the June hearing, Defendant's present counsel also revealed that the entry of the plea of guilty was "against the advice of counsel." (Recording of June 13, 2011 Motion Hearing at 3:30:15.) Indeed, the Court believed the plea to be "unadvisable" at the time it was entered. (Id. at 3:43:30.)

---

[2] Defendant's First Attorney moved to withdraw as a member of the bar of this Court on February 11, 2011, which was granted on February 18, 2011. (MC411-005, Docs. 1-2.) Therefore, First Attorney is no longer eligible to receive criminal case appointments or otherwise practice in this district without a court order.

6

Defendant's present counsel only had a limited, if any, opportunity to advise Defendant with respect to the February 2011 plea agreement because, "by that time, he was ready to get this all behind him." (Recording of June 13, 2011 Motion Hearing at 3:30:30.) Accordingly, the Court concludes that the close assistance of counsel was not available to Defendant prior to the entry of this plea.

B. Knowing & Voluntary Plea

In the Eleventh Circuit, a guilty plea is considered knowing and voluntary if (1) the guilty plea is free from coercion, (2) the defendant understands the nature of the charges against him, and (3) the defendant knows and understands the consequences of his guilty plea. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). After consideration of the record in this matter and the new information presented at the hearing on Defendant's motion, the Court has serious doubts as to whether Defendant understood the nature of the charges he faced and the consequences of his guilty plea given the inadequate performance of Defendant's First Attorney. Therefore, the Court finds that Defendant did not enter this plea with an adequate knowledge and understanding.

C. Judicial Resources

The Court finds that judicial resources would not be conserved by denying Defendant's motion and that only minimal

resources have been expended on this case thus far. Indeed, many of the resources demanded by this matter were attributable to the repetitive scheduling and cancellation of hearings due to the unexplained absence of Defendant's First Attorney. Only one substantive defensive motion has been filed on Defendant's behalf, and this singular motion by Defendant's present counsel did not necessitate a hearing. Although a presentence investigation report has been completed in this matter, this task would need to be undertaken if Defendant proceeded to trial and was adjudicated guilty. After anticipated minimal revision, this same report could be used should Defendant be adjudicated guilty. The Court finds that with only minimal judicial resources expended, this factor weighs in favor of Defendant.

D. Prejudice to the Government

A finding of prejudice to the government is not required to deny a defendant's motion to withdraw; instead, this is only a factor to consider. Buckles, 843 F.2d 469 at 474. Defendant has never been a fugitive, and this case has not been otherwise unreasonably delayed. Cf. id. Defendant's plea was entered on February 9, 2011, (Doc. 47) and Defendant's Motion to Withdraw Plea of Guilty was filed on June 3, 2011 (Doc. 58), putting the Government on notice that a trial may become necessary. Further, this Court's pronouncement that it was "accepting this plea conditional" to review of the presentence investigation

report to later "make a decision regarding the full acceptance of the plea" explicitly alerted the Government to the reality that a trial may become necessary. (Doc. 57 at 23.)

As the Government properly noted at the hearing on this motion, "[t]his is a strict possession case." (Recording of June 13, 2011 Motion Hearing at 3:44:15.) When specifically asked what prejudice the Government would experience, the Government responded it would experience the prejudice of a

> normal case when you have any delay—this matter was initially set for trial and anticipated having to try it at that time—just a matter of contacting witnesses and ensuring they are available and so forth-having said that, that is the main issue—and of course their recollection and so forth—that is the main issue.

(Id. at 3:45:49.) Essentially, the government's prejudice was only marginally higher from the routine tasks of bringing a criminal prosecution to trial. The time and responsibilities associated with a trial are insufficient prejudice to justify denial of Defendant's motion in this instance. Essentially, the Government only complained of the "prejudice" that it faces in every criminal case—normal delays that result in bringing a case to trial.

Further, this criminal case appears to be one of the simplest types of prosecutions in federal court. Defendant's present attorney represented that the only discovery materials in this case are forty-six pages and two discs containing

9

statements by Defendant. (Recording of June 13, 2011 Motion Hearing at 3:45:50.) No undue delay has occurred in this case either, as the total age of this case from incident to trial would be less than the average possession of a firearm case in this division of the Southern District of Georgia. Therefore, the Court finds that the Government is not prejudiced by allowing Defendant to withdraw his plea.

E. Balancing of Factors & Totality of the Circumstances

After evaluating the totality of the circumstances and the enumerated factors above, the Court concludes that Defendant has shown "fair and just cause" for the withdrawal of his plea. Overall, the Court finds that Defendant's assertions made through counsel are credible and in good faith. Defendant was not afforded the close assistance of counsel in preceding the plea agreement, causing this Court to have serious doubts as to whether Defendant's plea was sufficiently knowing. The prejudice to the Government, if any, is minimal. Additionally, the nominal judicial resources expended thus far do not outweigh the other factors, which, on balance, strongly favor Defendant.

## CONCLUSION

For the reasons above, this motion is **GRANTED**. Defendant is permitted to withdraw his plea of guilty. The Court need not consider which standard applies to this motion, as Defendant has demonstrated "fair and just cause" for the withdrawal of his

plea. As present counsel did not participate in the pretrial conference already held in this case, the Court will promptly schedule a second pretrial conference, at which this case will be set for trial.

SO ORDERED this 12th day of July 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA